UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KNOWLEDGE DELIVERY SYSTEMS, INC., :
:
                      Plaintiff, : Case No. 1:14-cv-07964-JGK
:
   - against - :
: INITIAL DISCLOSURES
KIMBERLY (BATES) HARRIS and JANE KENNEDY, : OF PLAINTIFF
: KNOWLEDGE DELIVERY
: SYSTEMS, INC.
                    Defendants. :
-----------------------------------------------------------------x

    Plaintiff Knowledge Delivery Systems, Inc. ("KDS"), by its attorneys, as and for its initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), states as follows based upon information that is presently reasonably available to it and the current procedural posture of the above-captioned action (the "Action").

    KDS reserves the right to supplement these disclosures if it determines that there are other individuals or categories of documents that fall within the parameters of Fed.R.Civ.P. 26(a)(1). By making these disclosures, KDS does not represent that it is identifying all documents, electronically stored information, tangible things or witnesses that it may use to support its claims. KDS does not waive its right to object to the production of any document, information or tangible thing disclosed herein on the basis of privilege, the work-product doctrine, relevancy, undue burden, or any other valid objection under the Federal Rules of Civil Procedure, the Local Civil Rules, and applicable case law. By making these disclosures, KDS likewise does not waive: (i) the right to object, on the grounds of competency, materiality, hearsay, or any other proper grounds, to the use of any document or information for any purpose, in whole or in part, in any subsequent proceeding in this Action or any other action; or (ii) the right to object on any and all grounds, at any time, to any discovery request involving or relating

to the subject matter of these disclosures.

Subject to the foregoing, KDS' initial disclosures are as follows:

1. Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i), KDS names the following individuals as likely to have discoverable information that KDS may use to support its claims (exclusive of any witness whose testimony would be used for impeachment purposes only) and defenses. Unless otherwise indicated, the following individuals are employees of KDS and may be contacted only through counsel for KDS, Dorsey & Whitney LLP.

| Name | Subject of Information |
|---|---|
| Alvin Crawford | Statements made by and activities of Defendants while they were employed by KDS in 2014 |
| John Lent | Statements made by and activities of Defendants while they were employed by KDS in 2014 |
| Pearl Pecina, no longer employed by KDS | Statements made by Defendants in 2014 and documents received from Defendant Harris regarding payments to the Sentarus Group |
| Avi Aronovitz | KDS's damages |
| Kathleen Marshall, Action Learning Systems | Statements made by Defendant Harris during the phone call that occurred on or about June 11, 2014, referenced in paragraph 23 of the Complaint in this Action |
| Jeffrey Fromm, lawyer at VLP Law Group LLP<br>Address: VLP Law Group LLP, 1450 Broadway, 39th Fl.<br>New York, NY 10018 | Statements made by Defendant Harris during the conversation referenced in paragraph 22 of the Complaint in this Action |
| Robert Crowe, employed by EAG | Actions by Defendants as referenced in the Complaint in this Action |
| Kelly Smith, employed by EAG | Actions by Defendants as referenced in the Complaint in this Action |
| Erin Walker | Statements made by Tracy Martin, Chicago Public Schools |
| Gary Soto, President, Action Learning Systems | Statements made by Defendants while they were employed by KDS in 2014 |
| Debra Hall | Statements made by Defendant Harris while she employed by KDS in 2013 |

2. Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(ii), KDS identifies the following categories

2

of documents in its possession, custody or control concerning the following topics that it may use to support its claims in the Action (exclusive of those that may be used solely for impeachment) and defenses: (i) Action Learning Systems, Inc. invoices; (ii) KDS Employee Handbook; (iii) KDS Agreements; (iv) documents from the Chicago Public Schools; (iv) documents relating to the Saturday School Project; (v) documents relating to the Sentarus Group; and (vi) emails relating to the subject matter of the Action.

3. Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iii), KDS provides the following information regarding the damages it has suffered. Damages arising in connection with the loss of the 0S4 Contract are $3,509,057. Damages for salary and bonus paid to Defendants Harris and Kennedy during the period of their disloyalty, from January 1, 2014 to June 13, 2014, are $208,274.56. KDS will make available for inspection and copying non-privileged documentation on which the above-described calculations are based.

4. Pursuant to Fed.R.Civ.P. 26(a)(1)(A)(iv), KDS states that it does not have any insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment against KDS in this Action, or to indemnify or reimburse for payments made to satisfy such judgment.

Dated: New York, New York
December 19, 2014

DORSEY & WHITNEY LLP

By: _____
Nathaniel H. Akerman
Joshua Colangelo-Bryan
51 West 52nd Street
New York, New York 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201

*Attorneys for Plaintiff*
*Knowledge Delivery Systems, Inc.*